UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUDLEY BRYANT, JR.,

    Petitioner,

vs.                                       Case No. 8:05-CV-1938-T-27TGW
                                             Crim. Case No. 8:00-CR-469-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). Upon consideration, the motion is DISMISSED as time barred.

Petitioner pleaded guilty to a one count Indictment charging him with possession, in and affecting interstate commerce, of three firearms and numerous rounds of ammunition, having previously been convicted of three felony offenses, in violation of 18 U.S.C. § 922(g)(1) and 924(e) (CR Dkt. 1). On March 15, 2002, he was sentenced as an armed career criminal to 235 months imprisonment. (CR Dkts. 96, 97). His conviction was affirmed on October 8, 2002 and the mandate issued November 25, 2002. (CR Dkt. 113); *United States v. Bryant*, 52 Fed.Appx. 487 (11th Cir. 2002).

Petitioner did not file a petition for writ of certiorari. Petitioner's judgment therefore became final on January 6, 2003, when the 90-day period for filing a petition for writ of certiorari expired. Petitioner had until January 6, 2004 to file his § 2255 motion. *Kauffman v. United States*, 282 F.3d

1336, 1338 (11th Cir. 2002). Petitioner filed his § 2255 motion to vacate on October 14, 2005, more than 21 months after the limitations period expired. (CV Dkt. 1).[1]

On July 24, 2006, Petitioner was directed to show cause why his Petition should not be dismissed as untimely. (CV Dkt. 7). In response, Petitioner asserts that his § 2255 motion is not untimely because he is "actually innocent of the ACCA." However, Petitioner expressly "recognizes that this case involves a claim of actual innocence of a sentence, rather than his guilt . . ." contending that the Court erroneously applied the sentencing enhancement under the ACCA (Armed Career Criminal Act) that is "invalid as a matter of law . . . causing Petitioner to be actually innocent of the ACCA." (CV Dkt. 8). Petitioner alternatively argues that even if his "actual innocence" claim does not toll the AEDPA one-year limitation period, his motion is timely under § 2255(3)[2] because the motion was filed within one year of the decision in *Shepard v. United States*, 544 U.S. 13 (2005), on which his claims are based. As will be discussed, Petitioner's claims are without merit.

In response to Petitioner's arguments, Respondent filed its Motion to Dismiss as Untimely Petitioner's Section 2255 Motion. (CV Dkt. 10). Respondent correctly contends that Petitioner has

---

[1] A prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001)(citing *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). Absent evidence to the contrary, it is assumed that a § 2255 motion was delivered to prison authorities on the date that he signed it. *Id.* at 1301.

[2] Title 28 U.S.C. § 2255 states, in pertinent part:
"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

not demonstrated extraordinary circumstances that were both beyond his control and unavoidable, even with diligence, which prevented him from filing a timely § 2255 motion and that Petitioner's "actual innocence" argument does not warrant equitable tolling of the one-year time limitation bar.

Equitable tolling is an extraordinary remedy, permitted "only sparingly." *Jones v. United States,* 304 F.3d 1035, 1038-39 (11th Cir. 2002). Petitioner has the burden of establishing extraordinary circumstances that are both beyond his control and unavoidable even with diligence, resulting in an untimely filing. *Jones,* 304 F.3d at 1040; *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not demonstrated either extraordinary circumstances or circumstances beyond his control which prevented him from filing a timely § 2255 motion.

Petitioner's "actual innocence" contention is without merit. To avail himself of equitable tolling by virtue of the "actual innocence" exception, Petitioner must show that he is actually innocent of the crime for which he stands convicted. *See United States v. Montano,* 398 F.3d 1276 (11th Cir. 2005). Petitioner does not attempt to make this showing, contending that he is "actually innocent of the ACCA," arguing that two prior drug convictions do not qualify as predicate convictions under the ACCA. He cites no authority from this Circuit supporting his argument. In any event, even if "actual innocence" equitable tolling applies to sentencing enhancements, he has not demonstrated that his prior drug distribution convictions were not qualifying convictions under the ACCA.

A criminal defendant such as Petitioner who has three prior convictions for a "crime of violence" or a "serious drug offense" that were committed on different occasions is subject to a mandatory minimum fifteen year term under the Armed Career Criminal Act. 18 U.S.C. § 924(e). A "serious drug offense" includes an offense under state law involving distribution of a controlled

substance for which a maximum term of ten years or more is prescribed. 18 U.S.C. §924(e)(2)(A)(ii). Petitioner's contention that his two prior state court convictions of delivery and possession of cocaine are not "serious drug offenses" is facially without merit.[3] Moreover, his contention that the district court erred in considering the fact of those prior drug offenses under *Shepard*, is likewise without merit. Even assuming Petitioner's *Shepard* claim is cognizable on collateral review, no error occurred in Petitioner's case.[4]

In this Circuit, "*Shepard* does not bar judges from finding whether prior convictions qualify for ACCA purposes; it restricts the sources of evidence that a judge (instead of a jury) can consider in making that finding." *United States v. Greer,* 440 F.3d 1267, 1275 (11th Cir. 2006); *United States v. Orduno-Mireles,* 405 F.3d 960 (11th Cir. 2005); *United States v. Gallegos-Aguero,* 409 F.3d 1274 (11th Cir. 2005). *Shepard* does not, as Petitioner's argument suggests, prohibit the sentencing court from considering the *fact* of his prior convictions where, as here, the charging documents on their face demonstrate that they are predicate offenses for purposes of the § 924(e) enhancements. *See United States v. Gibson,* 434 F.3d 1234 (11th Cir. 2006). Petitioner's arguments to the contrary are disingenuous.

Petitioner's Indictment expressly alleged the predicate state court convictions which ultimately supported the sentence enhancement under the ACCA, expressly identifying the two prior

---

[3] Petitioner's two prior felony offenses were Florida controlled substance offenses:
   (1) Case No. 88-1312: Delivery and Possession of Cocaine
   (2) Case No. 90-17580: Delivery of Cocaine, Possession of Cocaine and Obstructing and Opposing an Officer Without Violence  (CR Dkt. 1).

[4] Any claim that Petitioner was incorrectly determined to be an armed career criminal under the ACCA should have been raised on direct appeal. Moreover, this contention is not a claim of constitutional error. Non-constitutional claims are cognizable on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley,* 512 U.S. 339, 348 (1994)(quoting *Hill v. United States,* 368 U.S. 424, 428 (1962).

drug convictions he now attempts to challenge. (CR Dkt. 1). The Government noticed Petitioner that he was subject to the ACCA's enhanced penalties. (CR Dkt. 62). Moreover, Petitioner pleaded guilty to the Indictment. The district court reviewed the allegations of the Indictment with Petitioner before he entered his guilty plea, including the three prior felony convictions alleged. (CR Dkt. 75 at pp. 12-13). Petitioner acknowledged that he was subject to the ACCA minimum mandatory fifteen year sentence enhancement by virtue of the three predicate convictions alleged in the Indictment. (CR Dkt. 75 at p. 33). Finally, at sentencing, his attorney conceded that the two drug convictions qualified as predicate convictions under the ACCA. (CR Dkt. 108, pp. 17-18, 23). Notwithstanding, Petitioner now challenges his two prior state court drug distribution offenses as qualifying predicate convictions. (CR Dkt. 1).

Relying on *Shepard*, Petitioner contends that the "sentencing court did not have the proper documents before it to properly determine whether the two prior drug convictions qualified as 'serious drug offenses.'" (CV Dkt 1, Memorandum of Law in Support, p. 4). He argues that Fla. Stat. § 893.13(1)(a), the statute under which he was charged, pled guilty and was convicted, is "ambiguous" because it prescribes mere possession as well as distribution. Finally, he contends that "there was never an admission that Petitioner did not 'purchase' a controlled substance in case number 88-1312 and 90-17580" and that "I only agreed to violating the statute and did not make any admissions of factual basis for anything other than a violation of the statute." Given his guilty plea and his attorney's concession at sentencing that the two drug convictions qualified as predicate convictions, Petitioner cannot now, under the guise of suggested ambiguity, challenge those convictions which he acknowledged under oath when he pleaded guilty.

As the sentencing transcript confirms, the district court meticulously reviewed each of Petitioner's prior convictions to determine whether Petitioner had the requisite prior convictions for

ACCA enhancement. (CR Dkt. 108, pp. 16-31). When an issue arose concerning a particular prior conviction, the Court conferred with the United States Probation Officer who had possession of the necessary documents evidencing Petitioner's prior convictions. For example, and pertinent to Petitioner's contentions, the Court distinguished between prior non-qualifying state convictions for possession and those involving distribution. (CR Dkt. 108, pp. 16-17). As noted, defense counsel confirmed the qualifying nature of the two drug convictions Petitioner now takes issue with.

Notwithstanding that his attorney agreed that his two prior cocaine distribution convictions qualified as predicate convictions under the ACCA, Petitioner's arguments and affidavit essentially attempt to create ambiguities surrounding his prior drug convictions which he contends required the district court to inquire into the circumstances surrounding his prior convictions. Petitioner's argument is without merit. An ambiguity that allows additional fact-finding by the sentencing court must be manifest, not conjectural. *United States v. Gibson,* 434 F.3d 1234, 1248-1249 (11th Cir. 2006). Factual inquiry is appropriate only if, on the face of the prior judgment of conviction, the court is unable to determine whether that conviction counted toward Petitioner's § 924(e) armed career offender status. *Id.* That is not the case here.

There was no Sixth Amendment violation when Petitioner's sentence was enhanced under the ACCA based on his two prior state court drug distribution convictions. Those offenses met the statutory definition of a "serious drug offense" under § 924(e)(2)(A)(ii). Given the nature of these prior drug offenses, it was only necessary for the Court to consider the *fact* of the prior convictions, not the facts underlying them, in order to determine that Petitioner was an armed career criminal under §924(e). Simply put, Petitioner is not "actually innocent" of the predicate offenses supporting the § 924(e) enhancement and equitable tolling of the one year statute of limitations is not available to him. There is no need for an evidentiary hearing as it "plainly appears from the face of the motion

and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Petitioner's Motion Requesting Summary Judgment Pursuant to Fed.R.Civ.P. Rule 56(a) (CV Dkt. 9) is DENIED.

2. Petitioner's Motion to Strike United States' Motion to Dismiss as Untimely Filed (CV Dkt. 11) is DENIED.

3. Petitioner's Motion Requesting Leave to File Reply Motion (CV Dkt. 12) is GRANTED to the extent that Petitioner's motion has been considered as a Reply to the Government's Motion to Dismiss.

4. The United States' Motion to Dismiss as Untimely Petitioner's Section 2255 Motion (CV Dkt. 10) is GRANTED.

5. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED as time barred.

6. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions and close this case.

**DONE AND ORDERED** in chambers this 25th day of September, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of Record